NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGETTE CROSS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MICHAEL J. ASTRUE, COMMISSIONER : <br> OF SOCIAL SECURITY, : <br> : <br> Defendant. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 07-CV-0718 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Georgette Cross's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's application for attorney's fees is **granted** in part and **denied** in part. The attorney's fees awarded shall be given to Plaintiff's attorney, as opposed to Plaintiff herself.

I.  BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income benefits on November 12, 2003 alleging disability as of December 31, 1999. The application was denied initially and on Reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to review the application *de novo*. A hearing was held on November 3, 2005 before ALJ Richard L. Desteno. On December 16, 2005, a partially favorable decision was issued. Appeals Council

review was sought and on December 15, 2006, the Appeal Council concluded that there were no grounds for review. District Court action was thereafter timely commenced and this matter is now properly before this Court.

**II.     STANDARD OF REVIEW**

Pursuant to the EAJA, a plaintiff is entitled to attorney's fees if the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the burden of proving that its administrative and litigation positions were substantially justified. See Taylor v. Heckler, 835 F. 2d 1037, 1040 (3d Cir. 1987). "In order to prevail, the government must show 1) a [solid and well-founded] basis in law for the facts alleged; 2) a [solid and well-founded] basis in law for the theory it propounded; and 3) a [solid and well-founded] connection between the facts alleged and the legal theory advanced." Taylor at 1042 (internal citations omitted). Thus, the Commissioner has a total of six burdens of demonstrating substantial justification - i.e., the three listed above for each of its administrative and litigation positions. The Third Circuit noted that the Supreme Court subsequently adopted a "reasonable basis" in lieu of a "solid and well-founded" one, but that the inquiry remains substantially the same. See Hanover Potato Products, Inc. v. Shalala, 989 F. 2d 123, 128 (3d Cir. 1993).

In general, "the party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F. 2d 1177, 1183 (3d Cir. 1990). In order "to meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Id (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The opposing party "must identify the portion of the fee request being challenged and state the grounds for the challenge." Bell v. United Princeton Properties, 884 F. 2d 713, 715 (3d Cir. 1989). The court has wide discretion "in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised

by the adverse party." Id at 721. The Third Circuit has noted that "a court may not reduce counsel fees *sua sponte* as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested" and the court "may not award less in fees than requested unless the opposing party makes specific objections to the fee request." U.S. v. Eleven Vehicles, 200 F. 3d 203, 211 (3d Cir. 2000).

### III.    DISCUSSION

Plaintiff is entitled to attorney's fees pursuant to the EAJA, but the fees that Plaintiff demands must be reduced. Plaintiff seeks compensation at an hourly rate of $171.61, which the Commissioner does not oppose. The 37 hours requested for reimbursement, however, are excessive. Of the 37 hours requested, 24.25 were expended on Plaintiff's initial brief. Plaintiff's counsel might have avoided writing the brief had he complied with Local Rule 9.1.

The 24.25 hours expended on Plaintiff's initial brief included 1.25 hours to review claimant's testimony, 18.25 hours to review exhibits, research and prepare a rough draft, and 4.75 hours to prepare and submit the final draft. These periods are roughly in line with the amount of time needed to perform the listed activities.

Still, the hours are to be reduced because of Plaintiff's failure to follow Local Rule 9.1(a)(2). The rule "requires a plaintiff to serve the Commissioner with a statement setting forth the plaintiff's primary arguments--before the plaintiff files a brief." Shalan v. Comm'r of Soc. Sec., 2008 U.S. Dist. LEXIS 41838, *3 (D.N.J. May 22, 2008). "The Court's practice in a case where the Commissioner consents to remand is to award plaintiff's attorney only for the time that would have been reasonably necessary to draft the Local Rule 9.1 statement, which the Court has approximated as 7.2 hours." Id.

3

at 4. Accordingly, this Court will not compensate Plaintiff for the 24.25 hours her counsel spent writing the brief, and will instead compensate her only for the 7.2 hours in which her counsel could have written a Local Rule 9.1 statement. Plaintiff will thus be compensated for 19.95 hours, instead of the 37 hours requested, resulting in a total award of $3,423.62.

Plaintiff's counsel also requests that the attorney's fees be paid directly to him, as opposed to Plaintiff. A complete consensus has not yet developed on this issue. This holding is derived from the main text of the EAJA, which states, in relevant part, that an award of attorney's fees "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official acting in his or her official capacity." 28 U.S.C. § 2412(a)-(b). Importantly, this Court looks to recent developments on the interpretation of this statute to determine that attorney's fees in these types of cases shall be awarded to the claimant's counsel, as opposed to the claimant him/herself.

The Third Circuit, in addition to other Circuit Courts, has held that fee awards must be awarded to *pro bono* counsel to avoid an unintended windfall to Plaintiffs under various attorneys' fee statutes. See FDL Technologies v. U.S., 967 F.2d 1578, 1580-81, n.1 (Fed. Cir. 1992); Hairston v. R & R Apartments, 510 F.2d 1090, 1093 (7th Cir. 1975). In Rodriguez, 569 F.2d at 1245, the Third Circuit expressly stated that "of course, since the object of fee awards is not to provide a windfall to individual plaintiffs, fee awards must accrue to counsel." The Third Circuit has reiterated this holding in Miller v. Apartments & Homes of N.J., 646 F.2d 101, 112 (3d Cir. 1981) in addition to recently approving fee awards directly to *pro bono* counsel in Maldonado v. Houston, 256 F.3d 181, 188 (3d Cir. 2001). The most recent case of record on this issue in this district is Williams v. Comm'r of Soc.Sec., 549 F.Supp.2d 613 (D.N.J. May 5, 2008). In Williams, Judge Debevoise reasoned that awarding EAJA fees

directly to a prevailing party's attorney, rather than the prevailing party herself, advances the EAJA's purpose of assuring that competent representation is available to persons wishing to challenge unreasonable government action. Id. at 618.

The clear purpose of the EAJA is to prevent unreasonable government action by providing attorneys to parties who could not otherwise afford one. Smith v. Astrue, 2007 U.S. Dist. LEXIS 96826, at *7 (N.D.Ala. Oct. 11, 2007). Paying fees directly to the applicant, here, Plaintiff, necessarily frustrates the obvious purpose of the EAJA. See Vargas v. Comm'r of Soc. Sec., 2008 WL 699581, (D.N.J. Mar. 12, 2008); see also Stephens v. Astrue, 539 F.Supp.2d 802, 805 (D.Md, 2008). As such, this Court awards the attorney's fees to Plaintiff's attorney.

### IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for attorney's fees is **granted** in part and **denied** in part. Pursuant to the EAJA, this Court grants Plaintiff's attorney a total award of $3,423.62 in attorney's fees. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:        August  11 , 2008  
Orig.:       Clerk  
cc:          All Counsel of Record  
             Hon. Mark Falk, U.S.M.J.  
             File